# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-14402-CIV-MAYNARD[1]

**GILBERT C. PILET, LLC,**

  **Plaintiff,**

**v.**

**JPMORGAN CHASE BANK, N.A.,**

  **Defendant.**

_____/

## REPORT AND RECOMMENDATION

  **THIS CAUSE** is before me upon a *sua sponte* review of the record.  Plaintiff has not timely complied with my prior Orders requiring it to secure counsel and file an amended complaint.  I therefore recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders.

  As background, on November 6, 2025, Defendant initiated this case by filing a Notice of Removal ("Notice").  DE 1.  This Notice attached a state court complaint filed by Plaintiff, a limited liability company, generally alleging that Defendant unlawfully and wrongfully closed Plaintiff's business checking account, causing irreparable harm, operational collapse and the loss of major business opportunities.  DE 1-1.  The complaint alleges that Plaintiff "is a business entity based in Port St. Lucie, Florida" and asserts several

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11.  *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts. gov/sites/flsd/files/adminorders/2025-11.pdf.  Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

counts, including one for violation of the Fair Credit Reporting Act. *Id.* at 2-3. As relief, Plaintiff seeks $36 million in compensatory and punitive damages plus interest and costs. *Id.* at 3.

On November 14, 2025, I issued an Order partially granting Defendant's motion to strike the *pro se* complaint because, as a limited liability company, Plaintiff is not legally permitted to appear *pro se* or through its officers in federal court. DE 10 at 2 (collecting authorities). Thus, the complaint was dismissed as a legal nullity. *Id.* My order indicated that if Plaintiff intends to pursue this case, then it must secure counsel and file an amended complaint by December 1, 2025. *Id.* I expressly cautioned that failure to comply with this Order may result in the dismissal of this action without further notice. *Id.* at 3 (citing Fed. R. Civ. P. 41(b)). *Id.* Plaintiff did not timely act in response to this Order.

Recognizing Plaintiff's *pro se* status, on December 30, 2025, I *sua sponte* granted an extension of time for Plaintiff to comply with my directives to secure counsel and file an amended complaint. DE 12. This second order gave Plaintiff until January 13, 2026, to comply. *Id.* I again cautioned that "**failure to timely comply with this Order's directives will likely result in a recommended final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.** *See* **Fed. R. Civ. P. 41(b)."** *Id.* (emphasis in original). Nothing was filed by this new deadline.

Plaintiff has neither secured counsel nor filed an amended complaint as required.[2] Under Federal Rule of Civil Procedure 41, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion").  The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket."  *Betty K. Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *Morewitz v. West of England Ship Owners Mut. Prot. And Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K.*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice).  In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

---

[2] On February 2, 2026, Mr. Pilet filed a *pro se* handwritten request for a settlement conference.  DE 14. However, this filing does not constitute timely or proper compliance with the Court's orders directing the Plaintiff LLC to retain counsel and file an amended complaint. As previously explained, Plaintiff may not proceed *pro se* on behalf of the LLC.  Therefore, the request was stricken as a legal nullity and improper.  DE 15. This improper filing does not alter my analysis or recommendations herein.

Nearly three months have passed since Plaintiff filed its complaint.  A series of prior Court Orders have provided clear guidance and ample opportunity for Plaintiff to secure counsel and file an amended pleading.  Plaintiff has twice been given fair warning that a failure to respond and timely pursue this case might lead to the case being dismissed without further notice.  It appears that Plaintiff does not intend to comply with Court orders.  However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice is the appropriate course.  *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss).  This dismissal would not act as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J.R. 4(a).  Failure to file objections timely shall bar the parties from a *de novo* determination by the U.S. District Judge of an issue covered in the Report and Recommendation and shall bar the parties from

attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

The Clerk is directed to **MAIL** a copy of this Order to Plaintiff at the address listed below and enter a Notice of Compliance confirming same.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 4th day of February, 2026.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Gilbert C. Pilet, LLC
2120 SW Plantation Terrace
Port St. Lucie, FL 34953